UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Louis Charles Hamilton II,           :
      Plaintiff,                   :
                                 :    Case: 1:16-cv-00831
                                    :    Assigned To : Unassigned
v.                                    :    Assign. Date : 5/3/2016
                                 :    Description: Pro Se Gen. Civ.
United States of America,             :
      Defendant.                    :

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff has brought this action against the United States on "his Slave Negro behalf" and on behalf of his "Negro Daughters . . . and Negro Son[.]" Compl. at 1. The prolix complaint consists of assorted statements about slavery, the 13th, 14th, and 15th amendments to the Constitution, the Dred Scott decision, *Scott v. Sandford*, 60 U.S. 393 (1857), and racial injustice. Plaintiff appears to seek monetary damages as a descendant of Dred Scott in the amount of $300 "for each and every single day a 'Slave' per every year since" his birth on November 8, 1961. Compl. ¶ 50. He calculates that amount to be $5,694,000 "with legal full 6% direct 'interest incurred' from date of Birth." *Id.* Plaintiff seeks the same relief for each of his children, *see id.* ¶¶ 51-57, and treble damages under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, *id.* ¶ 58.

1

As applicable here, "[a] district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). The law is clear, moreover, that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

Finally, the United States is subject to suit only upon consent, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted), and "Congress [has] not waive[d] the United States' sovereign immunity for suits for treble damages under the RICO Act," *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 263 (D.D.C. 2013) (citing *Norris v. Dep't of Defense*, No. 96–5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997)). Thus, plaintiff's claim for treble damages under the RICO Act is barred by sovereign immunity, which too is "jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

For the foregoing reasons, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: April 29, 2016

_____
United States District Judge